| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT<br>CASE TYPE: Personal Injury |

Linda Chao Rose and
Nathaniel Rose,

       Plaintiffs,

vs.                                                                                         SUMMONS

Qdoba Restaurant Corporation,
a Colorado Corporation,

       Defendant.

---

STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Griffel & Dorshow, Chartered, 1809 So. Plymouth Rd., Minnetonka, MN 55305.

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

    5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal

assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

      6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**GRIFFEL JOHNSON CHARTERED**

Dated: 08/04/2022

By _____
Bryce J. Johnson (#258684)
Johnson@612law3333.com
Attorneys for Plaintiff
1650 West End Boulevard, Suite 100
Saint Louis Park, Minnesota 55416
Office: (612) 529-3333
Mobile: (612) 267-1219
Facsimile: (844) 272-6244

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |
| | **CASE TYPE: PERSONAL INJURY** |

---

Linda Chao Rose and
Nathaniel Rose,                                                                Court File No.:

        Plaintiffs,

vs.                                                                                       **COMPLAINT**

Qdoba Restaurant Corporation,
a Colorado Corporation,

        Defendant.

---

Plaintiffs, for their claims against Defendant, Qdoba Restaurant Corporation, state and allege as follows:

I.

Plaintiff, Linda Chao Rose ("Ms. Rose"), resides and for all periods relevant for this cause of action has resided at 8011 Spring Lake Drive, Shakopee, Minnesota 55379. Plaintiff, Nathaniel Rose ("Mr. Rose") is and for all periods relevant for this cause of action has been the spouse of Ms. Rose and resides together with her.

II.

Defendant, Qdoba Restaurant Corporation, ("Qdoba") is a corporation organized and existing under the laws of the State of Colorado. Said corporation may be served with Summons by serving their registered agent in the State of Minnesota: Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113.

III.

That at all times material herein, Qdoba has engaged and continues to engage in substantial business activity in the State of Minnesota, including the operation of restaurants in multiple locations in the Minneapolis-St. Paul metro area and nationwide, under the business name Qdoba Mexican Eats. On or about August 8, 2016, Qdoba operated a restaurant located at 1298 Promenade Place in Eagan, Minnesota 55121. That Qdoba is subject to personal jurisdiction under Minn. Stat. §543.19 and service of process under Minn. Stat. §303.13.

IV.

On or about August 8, 2016, Ms. Rose was working as an Implementation and Contract Manager for a division of Blue Cross Blue Shield of Minnesota, located at 1750 Yankee Doodle Road in Eagan, Minnesota. On that date, the manager for Ms. Rose's work group retrieved a take out meal buffet set-up at the Qdoba restaurant located at 1298 Promenade Place, Eagan, MN 55121. In addition to food for multiple persons, this buffet set up included light metal trays, thick-gauge aluminum foil pans and sterno-type cans for use in heating the food. Ms. Rose and her team worked in a conference room at her work-site for approximately two hours, during which they sat around a conference room table containing the buffet and food set-up. As the meeting concluded, a co-worker began cleaning and dismantling the set-up, including a three-tiered tray stand with food in an aluminum foil pan on the top level, a pan filled with simmering water on the middle level, and a lit sterno-can on the bottom level. At the time of take-down, the sterno-can was still ignited and the tray of water at a temperature near the boiling point. No tools were provided with which to douse the sterno-can nor did Qdoba include set-up, take-down and-or safety instructions with this order. Accordingly, Ms. Rose's co-worker picked up the lid to the sterno-can and initially tried to place it over the can by pushing it in place with a pen. When this failed, he used his hand to put the lid in

place and, in so doing, singed his fingers and reflexively recoiled, upsetting the tray and knocking the pan of simmering water into Ms. Rose's lap as she sat at the conference room table working.

As a result of this incident, Ms. Rose sustained significant Bodily Injuries including a 13% TBSA (total body surface area) burns, second and third degree, to her left lower extremity, left hip and abdomen. As a result of this injury, Ms. Rose has undergone significant medical care and treatment, and was admitted to the Burn Clinic at Regions Hospital from August 12, 2016 to August 16, 2016.

## COUNT 1

(Negligence)

V.

That on or about August 8, 2016, Ms. Rose sustained significant bodily injuries as described in Paragraph IV, *supra* ("the Incident").

VI.

That employees, agents and/or representatives of Qdoba were negligent at the time of the Incident in, *inter alia*, failing to provide reasonable safety and set-up/take-down instructions along with the lunch buffet set-up provided to Ms. Rose's co-workers, in addition to failing to reasonably provide tools and equipment for use in safely taking down the brunch buffet assembly and in failing to provide adequate warning of the unreasonable risk of harm posed by the buffet assembly. Qdoba was negligent in that it knew or should have known that the buffet assembly created an unreasonably high risk of burn injuries to its customers, particularly in light of the absence of adequate instructions or take-down tools.

Ms. Rose sustained significant burn injuries as a direct result of the negligence of Qdoba, its employees, agents and/or representatives as described in this paragraph.

VII.

That as a direct result of the negligence of Qdoba as described in Paragraph VI, *supra*, Ms. Rose is entitled to an award of past and future damages for pain, disability and emotional distress, past and future expenses for medical care and treatment, past income loss and future loss of income capacity.

COUNT 2

(Breach of Implied Warranty)

Plaintiff, for her next cause of action against Defendant, Qdoba, states and alleges as follows:

VIII.

Plaintiff restates the allegations contained in Paragraphs I through VII of this Complaint and incorporates the same herein.

IX.

That Defendant Qdoba marketed, sold and conveyed a buffet set-up that was not fit for the purpose for which it was designed and was not of merchantable quality.

X.

That Defendant Qdoba at the time of and prior to the Incident, had impliedly warranted that the buffet set-up in question was safe for its intended use. Qdoba breached this warranty when it purveyed a buffet set-up that was dangerous for its foreseeable uses in the condition in which it was sold as a result of its design, manufacture, and packaging.

XI.

That said breach of warranty directly caused or contributed to the occurrence of the Incident and resulted in injury and damages to the Ms. Rose. Ms. Rose relied, to her detriment, on the

implied warranties of Qdoba.

XII.

As a direct and substantial result of the Causes of Action against Qdoba as described in Paragraphs I through XI, *supra*, Ms. Rose is entitled to an award of damages well in excess of One Hundred Thousand ($100,000) Dollars.

COUNT 3

(Loss of Consortium)

That, as the result of injuries sustained by Ms. Rose in the incident of August 8, 2016, Mr. Rose has been deprived of her society, companionship and spousal services. Accordingly, Mr. Rose has and brings a cause of action herein for loss of consortium.

WHEREFORE, Plaintiffs Linda Chou Rose and Nathaniel Rose pray for judgment against Defendant, Qdoba Restaurant Corporation, as follows:

1. In an amount in excess of One Hundred Thousand ($100,000) Dollars on behalf of Plaintiff, Linda Chou Rose;

2. In an amount in excess of Twenty Thousand Dollars ($20,000.00) on behalf of Plaintiff, Nathaniel Rose, for loss of consortium;

3. Costs and disbursements incurred in this action; and

4. Any further relief deemed appropriate by the Court.

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. Section 549.21, Subd. 2, to the party against whom the allegations in this pleading are asserted.

**GRIFFEL JOHNSON CHARTERED**

Dated: 08/04/2022

By_____
Bryce J. Johnson (#0258684)
Attorneys for Plaintiff
johnson@612law3333.com
1650 West End Boulevard, Suite 100
Saint Louis Park, Minnesota 55416
Office: (612) 529-3333
Mobile: (612) 267-1219
Facsimile: (844) 272-6244

6