UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Chao Rose, and Nathaniel Rose, | Case No. 22-cv-2060 (WMW/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Qdoba Restaurant Corporation, | |
| Defendant. | |

Bryce Jay Johnson, Griffel Johnson, Chartered, 1650 West End Boulevard, Suite 100, St. Louis Park, MN 55416 (for Plaintiffs); and

Brian A. Wood and Stuart D. Campbell, Lind, Jensen, Sullivan & Peterson, P.A., 1300 AT&T Tower, 901 Marquette Avenue South, Minneapolis, MN 55402 (for Defendant).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Qdoba Restaurant Corporation's Motion to Compel Discovery Responses, ECF No. 27. For the reasons set forth below, Defendant's motion is granted, and the hearing on the motion scheduled for January 9, 2023, is cancelled.

## II. BACKGROUND

Plaintiffs Linda Chao Rose and Nathaniel Rose filed a Complaint against Defendant Qdoba Restaurant Corporation as a result of an incident where Linda Rose sustained bodily injuries. *See generally* Compl., ECF No. 3-1. Plaintiffs bring claims against Defendant for negligence, breach of implied warranty, and loss of consortium. *See id*.

1

On December 23, 2022, Defendant filed a Motion to Compel Discovery Responses. ECF No. 27. Defendant contends that it served Plaintiffs with discovery requests via email on October 19, 2022, and Plaintiffs have not responded to the requests. Decl. of Stuart D. Campbell ¶ 3, ECF No. 26. According to Defendant, its counsel attempted to meet and confer with Plaintiffs' counsel but "[d]espite [his] considerable efforts . . . , Plaintiffs' counsel has consistently failed to meaningfully participate." ECF No. 24 at 1. In his declaration, Defendant's counsel outlines several calls made and emails sent to Plaintiffs' counsel in an effort to discuss the outstanding discovery. *See* Campbell Decl. ¶¶ 5-17. Defendant now moves for an order compelling Plaintiffs to respond to Defendant's discovery requests within ten days and awarding Defendant reasonable attorney's fees incurred in bringing its motion to compel. ECF No. 27.

A hearing on the motion is currently scheduled for January 9, 2023. ECF No. 22. As of the date of this Order, Plaintiffs have not filed a responsive memorandum of law and any affidavits or exhibits, nor have Plaintiffs requested an extension of time to do so.

### III. DISCUSSION

#### A. Failure to File Responsive Memorandum

As an initial matter, Plaintiffs failed to timely file and serve a responsive memorandum of law. Plaintiffs' memorandum in opposition to Defendant's motion to compel was due on December 30, 2022.[1] *See* D. Minn. LR 7.1(b)(2) ("Within 7 days after filing of a nondispositive motion and its supporting documents under LR 7.1(b)(1), the

---

[1] Defendant's motion to compel and supporting documents were filed on December 22, 2022. ECF No. 21. The motion, however, was marked "Filed in Error" by the Clerk's Office, and Defendant was instructed to refile the motion. The motion was refiled the next day, on December 23, 2022. ECF No. 27.

2

responding party must file and serve the follow documents: memorandum of law; and any affidavits and exhibits.").

    Under Local Rule 7.1(g),

> If a party fails to timely file and serve a memorandum of law, the [C]ourt may:
>
> (1)      cancel the hearing and consider the matter submitted without oral argument;
>
> (2)      reschedule the hearing;
>
> (3)      hold a hearing, but refuse to permit oral argument by the party who failed to file;
>
> (4)      award reasonable attorney's fees to the opposing party;
>
> (5)      take some combination of these actions; or
>
> (6)      take any other action that the [C]ourt considers appropriate.

Here, Plaintiffs "failed to file a responsive memorandum, and the Court has not received any explanations or requests for filing deadline extensions from [Plaintiffs'] counsel." *See Weseman-Roth v. Conversion Solutions, LLC*, No. 06-cv-1185, 2007 WL 656263, at *1 (D. Minn. Feb. 28, 2007). Under the circumstances, the Court finds it appropriate to cancel the January 9 hearing on Defendant's motion and consider the matter submitted without oral argument. *See* D. Minn. LR 7.1(g)(1); *see also Doud v. Durham School Service, L.P.*, No. 14-cv-3403 (PAM/HB), 2017 WL 963145, at *2 (D. Minn. Mar. 9, 2017). The Court finds that rescheduling the hearing would only further delay resolution of the motion, and that holding a hearing but refusing to permit oral argument by Plaintiffs would not add anything to the Court's consideration of Defendant's motion.

The Court also finds it appropriate to award Defendant reasonable attorney's fees incurred in bringing its motion to compel. *See* D. Minn. LR 7.1(g)(4)-(6); *see also Ebert v. General Mills, Inc.*, No. 13-cv-3341 (DWF/HB), 2016 WL 11783762, at *1-2 (D. Minn. Dec. 20, 2016). Defendant's counsel made multiple unsuccessful attempts to discuss Plaintiffs' outstanding discovery responses with Plaintiffs' counsel. *See* Def.'s Mem. in Opp. at 4-6, ECF No. 23; *see also* Campbell Decl. ¶¶ 7-17. Plaintiffs' failure to provide discovery responses or respond to Defendant's counsel's communications about the issue necessitated Defendant bringing the instant motion to compel in order to get the requested discovery responses. Plaintiffs' failure to file a responsive memorandum to Defendant's motion continues Plaintiffs' pattern of non-responsiveness and constitutes a violation of this District's Local Rules. *See* D. Minn. LR 7.1(b)(2). Accordingly, Plaintiffs shall pay Defendant reasonable attorney's fees incurred in bringing its motion to compel. Defendant shall file an affidavit setting forth the time reasonably spent on its motion to compel, the hourly rate requested for attorney's fees, any expenses incurred in bringing the motion to compel, and any factual matters pertinent to attorney's fees within 14 days of this Order. Plaintiffs shall file any and all objections to Defendant's affidavit within 7 days after the filing of the affidavit.

**B. Defendant's Motion to Compel Discovery Responses**

Defendant contends that Plaintiffs have not provided any response to its discovery requests, which were served on October 19, 2022. Def.'s Mem. in Supp. at 7. Defendant argues that the "written discovery requests are relevant and necessary for [it] to meaningfully evaluate Plaintiffs' claims and [its] possible defenses." *Id*. Defendant moves

4

to compel Plaintiffs to respond to its discovery requests within ten days, specifically, Defendant's: (1) Demand for Medical Disclosure to Plaintiffs; (2) Interrogatories to Plaintiffs; (3) Requests for Production of Documents to Plaintiffs; (4) Authorization for the Release of Health Care Information; (5) Authorization for Release of Employment Records; (6) Authorization to Release Health Insurance Records; (7) Authorization for the Release of X-Rays; (8) No-Fault Authorization; and (9) Requests for Production of Statements to Plaintiffs. *Id*. at 8; Ex. A to Campbell Decl.

Where a party "fails to answer an interrogatory" or "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection," the party seeking the discovery "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court has very wide discretion in handling pretrial procedure and discovery. *See, e.g.*, *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017); *Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("[M]agistrate judges 'are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" (internal quotation marks omitted) (quoting *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013)).

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Some threshold showing of relevance must be made[, however,] before parties are required to open wide the doors of discovery and to produce a variety of

information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).  Further, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." (quotation omitted)).  "[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case." *Vallejo*, 903 F.3d at 742 (quotation omitted); *see* Fed. R. Civ. P. 26(b)(2)(C)(iii).  Considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Vallejo*, 903 F.3d 742-43.

Here, Plaintiffs' failure to file and serve a responsive memorandum "represents a sufficient, independent basis" for the Court to grant Defendant's motion to compel.  *See Sgromo v. Target Brands Inc.*, No. 20-cv-1030 (JRT/LIB), 2020 WL 7626606, at *13 (D. Minn. Oct. 7, 2020); *see also Schuett v. LaRiva*, No. 15-cv-4207 (WMW/SER), 2016 WL 11483861, at *2 (D. Minn. May 26, 2016) (Plaintiff's "failure[ ] to comply with the Local

6

Rules alone may warrant" granting Defendant's motion). In the absence of any response from Plaintiffs, their position on Defendant's motion to compel is viewed as one of non-opposition. *See Miller v. Northwest Airlines, Inc.*, No. 11-cv-2063 (SRN/AJB), 2013 WL 5425420, at *24 (D. Minn. Sept. 27, 2013) (considering the defendant's motion to be unopposed where the plaintiff failed to timely file her responsive memorandum); *see also Weseman-Roth*, 2007 WL 656263, at *1 n.1; *Dadhi v. American Sec. Corp., LLC*, No. 04-cv-4534 (DWF/JSM), 2005 WL 475340, at *2 (D. Minn. June 22, 2005).

Further, the Court has reviewed Defendant's motion to compel and supporting documents, including Defendant's discovery requests. *See* Ex. A to Campbell Decl., ECF No. 26 at 6-21. The Court finds that Defendant's discovery requests are relevant, proportional to the needs of the case, and would not impose an undue burden on Plaintiffs to produce. Accordingly, the Court will compel Plaintiff to respond fully to Defendant's discovery requests within ten days of this Order.

As a final matter, the Court notes that Plaintiffs have failed to respond to discovery requests and the opposing party's communications, and to litigate this case by filing any response to the motion currently before the Court. Plaintiffs are warned, and Defendant should also take heed, that the Court will not hesitate to impose additional appropriate sanctions, including without limitation, dismissal of this case, should the record reflect a continuing pattern of a party's failure to comply with its discovery obligations.

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The hearing on Defendant's Motion to Compel Discovery Responses, scheduled for January 9, 2023, is **CANCELLED**.

2. Defendant's Motion to Compel Discovery Responses, ECF No. 27, is **GRANTED.**

3. **Within 10 days of the date of this Order**, Plaintiffs shall fully respond to Defendant's discovery requests.

4. **Within 14 days of the date of this Order**, Defendant shall file an affidavit setting forth the time reasonably spent on its motion to compel, the hourly rate requested for attorney's fees, any expenses incurred in bringing the motion to compel, and any factual matters pertinent to attorney's fees.

5. **Within 7 days of the filing of Defendant's affidavit**, Plaintiffs shall file any and all objections to Defendant's affidavit.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: January __4__, 2023

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Rose et al. v. Qdoba Restaurant Corporation*
Case No. 22-cv-2060 (WMW/TNL)