UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Chao Rose,<br>and Nathaniel Rose,<br><br>      Plaintiffs,<br><br>v.<br><br>Qdoba Restaurant Corporation,<br><br>      Defendant. | Case No. 22-cv-2060 (WMW/TNL)<br><br>**ORDER** |

Bryce Jay Johnson, Griffel Johnson, Chartered, 1650 West End Boulevard, Suite 100, St. Louis Park, MN 55416 (for Plaintiffs); and

Brian A. Wood and Stuart D. Campbell, Lind, Jensen, Sullivan & Peterson, P.A., 1300 AT&T Tower, 901 Marquette Avenue South, Minneapolis, MN 55402 (for Defendant).

# I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Qdoba Restaurant Corporation's Motion for Sanctions for Non-Compliance with Discovery Order, ECF No. 34. The Court took the motion under advisement, on the papers, without a hearing. ECF No. 40; *see also* D. Minn. LR 7.1(b). For the reasons set forth below, the motion is granted in part and denied in part.

# II. BACKGROUND

On December 23, 2022, Defendant filed a Motion to Compel Discovery Responses. ECF No. 27. Defendant contended that it served Plaintiffs with discovery requests via email on October 19, 2022, and Plaintiffs had not responded to the requests. Decl. of

1

Stuart D. Campbell ¶ 3, ECF No. 26.  According to Defendant, its counsel attempted to meet and confer with Plaintiffs' counsel but "[d]espite [his] considerable efforts . . . , Plaintiffs' counsel [] consistently failed to meaningfully participate."  ECF No. 24 at 1.  Defendant moved for an order compelling Plaintiffs to respond to Defendant's discovery requests within ten days.  ECF No. 27.

On January 4, 2023, the Court issued an Order granting Defendant's Motion to Compel Discovery Responses.  *See* ECF No. 29 (the "Court's January 4, 2023 Order"); *see also Rose v. Qdoba Restaurant Corporation*, No. 22-cv-2060 (WMW/TNL), 2023 WL 34349 (D. Minn. Jan. 4, 2023).  The Court incorporates its January 4, 2023 Order by reference herein.

As relevant to the pending motion before the Court, the January 4, 2023 Order required Plaintiffs to "fully respond to Defendant's discovery requests" by January 14, 2023.  ECF No. 29 at 8.  The Court noted:

> Plaintiffs have failed to respond to discovery requests and the opposing party's communications, and to litigate this case . . . . Plaintiffs are warned, and Defendant should also take heed, that the Court will not hesitate to impose additional appropriate sanctions, including without limitation, dismissal of this case, should the record reflect a continuing pattern of a party's failure to comply with its discovery obligations.

*Id*. at 7.

According to Defendant, Plaintiffs have not complied with the Court's January 4, 2023 Order.  Def.'s Mem. in Supp. at 1-2, ECF No. 38.  Specifically, Plaintiffs have not responded to Defendant's discovery requests or provided any explanation for their non-compliance.  *Id*. at 3; Decl. of Stuart D. Campbell ¶ 5, ECF No. 36.  On January 30, 2023,

2

Defendant's counsel sent email correspondence to Plaintiffs' counsel informing Plaintiffs that Defendant intended to move for additional sanctions for non-compliance with the Court's January 4, 2023 Order and requested to meet and confer. Def.'s Mem. in Supp. at 3; Campbell Decl. ¶ 6; Ex. A to Campbell Decl., ECF No. 36-1. As of the date Defendant filed its motion, Plaintiffs had not responded to Defendant's counsel's request to meet and confer. Def.'s Mem. in Supp. at 3; Campbell Decl. ¶ 7.

On February 3, 2023, Defendant filed a Motion for Sanctions for Plaintiffs' Non-Compliance with the Court's January 4, 2023 Order. ECF No. 34. Defendant moves the Court to dismiss Plaintiffs' Complaint with prejudice and award Defendant its reasonable attorney's fees incurred in bringing its motion for sanctions. Def.'s Mem. in Supp. at 2-3. Plaintiffs did not file a responsive memorandum of law and any affidavits or exhibits, nor request an extension of time to do so.

On February 17, 2023, Defendant filed a letter with the Court. ECF No. 41. Defendant states that on February 14, 2023, Plaintiffs served partial responses to Defendant's first set of discovery requests, and Plaintiffs indicated that executed interrogatory answers and authorizations would be forthcoming. *Id*. at 1. On February 15, 2023, Plaintiffs produced the executed answers and authorizations. *Id*. According to Defendant, it identified several deficiencies in Plaintiffs' discovery responses and served a meet-and-confer letter requesting supplementation. *Id*. at 1 n.1. Defendant notes that Plaintiffs did not "provide[] any explanation for their non-responsiveness and delay." *Id*. at 2. Defendant states that it "persists with its Motion for Sanctions for Non-Compliance with [the Court's January 4, 2023] Order" because "Plaintiffs willfully violated the Court's

3

. . . Order, intentionally delayed this litigation, and caused [Defendant] to incur costs that should not have been necessary." *Id*. Defendant states that "[a]t a minimum, [it] should be entitled to recovery of the attorneys' fees it incurred in bringing its Motion [for Sanctions]." *Id*.

Plaintiffs also filed a letter with the Court on February 17, 2023. ECF No. 42. Plaintiffs' counsel states that the reasons for delays in the case "are entirely personal."[1] *Id*. at 1. Plaintiffs' counsel states that he received Defendant's meet-and-confer letter requesting supplementation of Plaintiffs' February 14, 2023 responses to Defendant's first set of discovery requests and "will be responding to that next week." *Id*.

The Court issued an Order directing the parties to submit a joint letter to the Court regarding the status of discovery. ECF No. 43. The parties respond that they engaged in meet and confer efforts to resolve the outstanding discovery issues, but those issues have not yet been fully resolved. ECF No. 44 at 1. The parties also state that Plaintiffs provided executed authorizations and executed supplemental answers to interrogatories. *Id*. The parties are "conferring on some additional minor issues, but do not anticipate the need for Court involvement at this time." *Id*. The parties also note that Plaintiffs' depositions are scheduled for May 31, 2023, and Plaintiffs' responses to Defendant's second set of discovery requests are due on May 1, 2023. *Id*.

---

[1] According to Plaintiffs' counsel, he was "immersed in reviewing and editing Marital Dissolution documents that were recently presented to [him] in a pending divorce that [he] do[es] not want and never sought." ECF No. 42 at 1.

### III. DISCUSSION

Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, Defendant moves the Court to dismiss Plaintiffs' Complaint with prejudice and award Defendant its reasonable attorney's fees incurred in bringing its motion for sanctions. Def.'s Mem. in Supp. at 2-6.

Under Rule 37, if a party "fails to obey an order to provide or permit discovery," a court may issue an order that includes the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Instead of, or in addition to, these sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Rule 37 sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). "A court's discretion to issue Rule 37 sanctions is bounded by the requirement of Rule 37(b)(2) that the sanction be just and relate to the claim at issue in the order to provide discovery." *Owens v. Linn Companies*, No. 16-cv-776 (WMW/TNL), 2017 WL 2304260, at *11 (D. Minn. Apr. 17, 2017) (quotations omitted), *report and recommendation adopted*, 2017 WL 2304210 (D. Minn. May 25, 2017), *aff'd*, 720 Fed. App'x 816 (8th Cir. May 1, 2018).

"To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). Dismissal "is amongst the harshest of sanctions, and 'there is a strong policy in favor of deciding a case on its merits, and against depriving a party of [their] day in court.'" *Id*. at 898 (quoting *Fox v. Studebaker-Worthington, Inc.*, 516 F.3d 1016, 1020 (8th Cir. 1975)). Nevertheless, "dismissal is within the range of acceptable sanctions." *Owens*, 2017 WL 2304260, at *11. "When the facts show willfulness and bad faith, the district court need not investigate the propriety of a less extreme sanction." *Id*. (citing *Hariston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002)).

At this time, the Court finds that the extreme and harsh sanction of recommending dismissal of Plaintiffs' claims against Defendant unwarranted. In its discretion, however,

6

the Court will grant Defendant's motion for sanctions in part and order Plaintiffs' counsel to reimburse Defendant all reasonable expenses and attorney's fees associated with bringing the motion for sanctions. Fed. R. Civ. P. 37(b)(2)(C).[2] While Plaintiffs' counsel explained that the delays in the case thus far were personal, the Court does not find that the failure to comply with the Court's January 4, 2023 Order was substantially justified by his personal situation.

Accordingly, Plaintiffs' counsel shall pay Defendant reasonable expenses and attorney's fees incurred in bringing its motion for sanctions. Defendant shall file an affidavit setting forth the time reasonably spent on its motion for sanctions, the hourly rate requested for attorney's fees, any expenses incurred in bringing the motion for sanctions, and any factual matters pertinent to attorney's fees within 14 days of this Order. Plaintiffs shall file any and all objections to Defendant's affidavit within 7 days after the filing of the affidavit. Further, to the extent they have not already done so, the Court will again order Plaintiffs to respond fully and appropriately to Defendant's discovery requests as set forth in the Court's January 4, 2023 Order.

As a final matter, as the Court noted in its January 4, 2023 Order, "Plaintiffs are warned, and Defendant should also take heed, that the Court will not hesitate to impose additional appropriate sanctions, including without limitation, dismissal of this case,

---

[2] An award of attorney's fees and costs associated with Defendant bringing its motion for sanctions is also appropriate under this District's Local Rules for Plaintiffs' failure to timely file and serve a responsive memorandum of law and any affidavits and exhibits. *See* D. Minn. LR 7.1(g)(4) ("If a party fails to timely file and serve a memorandum of law, the court may: . . . (4) award reasonable attorney's fees to the opposing party . . . ."). As noted above, Plaintiffs did not file a responsive memorandum of law and any affidavits of exhibits, nor request an extension of time to do so.

7

should the record reflect a continuing pattern of a party's failure to comply with its discovery obligations." ECF No. 29 at 7.

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Sanctions for Non-Compliance with Discovery Order, ECF No. 34, is **GRANTED IN PART and DENIED IN PART** as set forth herein.  Specifically:

    a. Defendant's request that the Court dismiss this matter with prejudice is denied; and

    b. Defendant's request that the Court award Defendant its reasonable attorney's fees incurred in bringing its motion for sanctions is granted.

2. Plaintiffs' counsel shall reimburse Defendant all reasonable expenses and attorney's fees associated with bringing its motion for sanctions.

3. **Within 14 days of the date of this Order**, Defendant shall file an affidavit setting forth the time reasonably spent on its motion for sanctions, the hourly rate requested for attorney's fees, any expenses incurred in bringing the motion for sanctions, and any factual matters pertinent to attorney's fees.

4. **Within 7 days of the filing of Defendant's affidavit**, Plaintiffs shall file any and all objections to Defendant's affidavit.

5. All prior consistent orders remain in full force and effect.

[Continued on next page.]

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: April __13__, 2023

_____*s/Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Rose et al. v. Qdoba Restaurant Corporation*
Case No. 22-cv-2060 (WMW/TNL)