UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Linda Chau Rose,　　　　　　　　　　　　　　Case No. 22-cv-2060 (WMW/TNL)
and Nathaniel Rose,

　　　　　　　　　Plaintiffs,　　　　　　　　**ORDER**

v.

Qdoba Restaurant Corporation,

　　　　　　　　　Defendant.

---

　　　　Before the Court is Defendant Qdoba Restaurant Corporation's ("Qdoba") Motion for Partial Judgment on the Pleadings. (Dkt. 13.) Qdoba seeks to dismiss Count II pursuant to Rule 12(c), Fed. R. Civ. P., and requests attorneys' fees. For the reasons addressed below, the motion is granted and the request for attorneys' fees is denied.

## BACKGROUND

　　　　Plaintiff Linda Chao Rose worked for a division of Blue Cross Blue Shield. On August 8, 2016, her team at Blue Cross Blue Shield ordered a take-out style buffet from Qdoba for a work meeting. The buffet was set up in a conference room at Blue Cross Blue Shield located in Eagan, Minnesota. The "buffet setup" included light metal trays, thick-gauge aluminum foil pans and sterno-type cans to heat the food. The food was kept warm in a three-tiered tray stand that held food in an aluminum foil pan on the top level with a pan filled with hot water on the middle level and a lit sterno-can on the bottom level.

At the end of the meeting, several Blue Cross Blue Shield employees began dismantling the "buffet setup." In an attempt to extinguish the sterno-can, a co-worker of Linda Chau Rose used his hand to place the lid on top of the sterno-can and singed his finger. The co-worker reflexively recoiled and knocked over a tray of hot water into Linda Chau Rose's lap, which resulted in significant burns to her left lower extremity, left hip and abdomen.

Plaintiffs Linda Chao Rose and Nathaniel Rose (collectively the "Roses") initiated litigation on August 5, 2022, against Qdoba in Hennepin County District Court. The complaint asserts a claim for negligence (Count I), breach of implied warranty (Count II) and loss of consortium (Count III). Qdoba removed the action to the United States District Court for the District of Minnesota. 28 U.S.C. §§ 1332, 1441. On December 15, 2022, Qdoba moved for judgment on the pleadings as to Count II of the complaint. Fed. R. Civ. P. 12(c).

## ANALYSIS

### I.     Judgment on the Pleadings

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). When deciding a motion for judgment on the pleadings, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).

Qdoba argues that, because the Roses' breach of implied warranty claim is barred by the relevant statute of limitations, Count II should be dismissed with prejudice. The

Uniform Commercial Code ("U.C.C."), as adopted by Minnesota, applies to the sale of goods. Minn. Stat. § 336.2-102. "Goods" are "all things which are movable at the time of identification to the contract for sale." Minn. Stat. § 336.2-105. Under the U.C.C., implied-warranty claims generally "must be commenced within four years after the cause of action has accrued." Minn. Stat. § 336.2-725(1). The four-year period begins to run "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Minn. Stat. § 336.2-725(2). "A breach of warranty occurs when tender of delivery is made." *Id.*

The Roses allege that the "buffet setup" was sold and delivered on August 8, 2016, and that the incident resulting in Linda's injury occurred on the same day. Because the food and the materials provided for the "buffet setup" are items that were "movable at the time of identification to the contract for sale," they are goods as defined by the U.C.C. *See* Minn. Stat. § 336.2-105; *see also Holowaty v. McDonald's Corp.*, 10 F. Supp. 2d 1078, 1086 (D. Minn. 1998) (finding that a hot coffee sold by defendants were goods under the U.C.C.). As the U.C.C. applies to the sale of the food and the materials for the "buffet setup," an action for a breach of implied warranty must have been brought no later than August 8, 2020. The Roses commenced this action on August 5, 2022, nearly two years after the limitation period expired. Because the Roses' implied breach of warranty claim is barred by the statute of limitations, Qdoba's Motion for Partial Judgment on the Pleadings is granted and Count II of the complaint is dismissed with prejudice.

## II.    Attorneys' Fees

Qdoba also seeks attorneys' fees. But Qdoba provides neither legal analysis nor a formal motion to support this request. The Court, therefore, is unable to determine whether, or in what amount, an award of attorneys' fees is warranted. Without a formal motion with factual support and legal analysis, such relief cannot be granted. Accordingly, Qdoba's request for attorneys' fees is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Motion for Partial Judgment on the Pleadings, (Dkt. 13), is **GRANTED** and Count II of the complaint is **DISMISSED WITH PREJUDICE.**

2. The request for attorneys' fees is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  May 19, 2023                                    s/Wilhelmina M. Wright____
                                                                          Wilhelmina M. Wright
                                                                          United States District Judge